Case Number: CACE-21-012926 Division: 03

Filing # 129671492 E-Filed 06/28/2021 07:57:29 PM

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.      CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>SEVENTEENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>  COUNTY, FLORIDA

<u>ASSADE VEDRINE</u>
Plaintiff                                                    Case # _____
                                                             Judge  _____

vs.

<u>AMERICAN SALES AND MANAGEMENT ORGANIZATION, LLC</u>
Defendant

**II.     AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,301- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

**III.    TYPE OF CASE**      (If the case fits more than one type of case,  select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.



EXHIBIT
A

- 1 -

Case Number: CACE-21-012926 Division: 03
Filing # 129671492 E-Filed 06/28/2021 07:57:29 PM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.

ASSADE VEDRINE,
MIRLENE THERMIDOR,
WILFRED SAINT LOUIS,
ROD VASSOR,
NADEIGE MOISE,
EVENS HILLAIRE,
JEAN EMMANUEL PIERRE LOUIS,
SENEQUE LUBIN, and ERILES MAXEAN,

      Plaintiffs,

vs.

AMERICAN SALES AND
MANAGEMENT ORGANIZATION, LLC
doing business as EULEN AMERICA.

      Defendant.

_____/

## CLASS ACTION COMPLAINT

Plaintiffs, ASSADE VEDRINE, MIRLENE THERMIDOR, WILFRED SAINT LOUIS, ROD VASSOR, NADEIGE MOISE, EVENS HILLAIRE, JEAN EMMANUEL PIERRE LOUIS, SENEQUE LUBIN and ERILES MAXEAN (hereinafter "Plaintiffs"), by and through the undersigned counsel, hereby sues Defendant, AMERICAN SALES AND MANAGEMENT ORGANIZATION, LLC doing business as EULEN AMERICA (hereinafter "Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is a class action by the Plaintiffs for damages, declaratory and injunctive relief and damages under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e

1

*et seq.*, the Florida Civil Rights Act of 1992 (FCRA), and Florida Statute Section 760 to redress injury done to Plaintiffs by the Defendant for discriminatory treatment on the basis of race, color, and national origin.

2. Jurisdiction of this Court is invoked as each of the Plaintiffs alleges damages in excess of $30,000, together with attorneys' fees, costs and damages.

3. Defendant was a "person" and/or an "employer" pursuant to Title VII, Florida Civil Rights Act of 1992, *Fla. Stat. Section 760.01, et seq.*, since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

4. Defendant is a "person" within the purview of the Florida Civil Rights Act of 1992, Fla. *Stat. Section 760.01, et seq.*

5. At all times material hereto Defendant was an "employer" within the meaning of Florida Civil Rights Act of 1992, Fla *Stat. Section 760.01, et seq.*.

6. At all times material hereto, Plaintiffs were an "employees" within the meaning of Title VII, Florida Civil Rights Act of 1992, Fla *Stat. Section 760 , et seq.*.

7. Venue is proper in Broward County because all of the actions complained of herein occurred within the jurisdiction of this Court.

8. Jurisdiction is proper in this Court because each of the Plaintiffs is alleging more than $30,000 in damages.

9. Plaintiffs are Black individuals of Haitian national origin and is a member of a class of persons protected from discrimination in their employment under Title VII, and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760.

10. Plaintiffs previously filed a timely charges of employment discrimination with the Equal Employment Opportunity Commission, the agency which is responsible for investigating claims of employment discrimination.

11. The EEOC issued a "Notice of Right to Sue" notice to Plaintiffs.

12. More than 180 days have elapsed since the filing of Plaintiffs' Charges of Discrimination

13. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

14. Plaintiffs are similarly situated Black individuals of Haitian descent who were either not hired by Defendant or terminated after a very short period of employment with Defendant in violation of the Broward County Worker Retention Law.

15. Plaintiffs were previously employed by SP PLUS CORPORATION and BAGGAGE AIRLINE GUEST SERVICES, INC. providing ground handling and passenger support services for these entities who had contracts with American Airlines and Delta Airlines at the Fort Lauderdale International Airport.

16. BAGGAGE AIRLINE GUEST SERVICES, INC. lost its contract with Delta Airlines which caused Plaintiffs in this action to be displaced from their work.

17. AMERICAN SALES AND MANAGEMENT ORGANIZATION , LLC was awarded the Delta Airlines contract for Delta Airlines' ground handling and passenger support services at the Fort Lauderdale International Airport.

18. Pursuant to Broward County's Worker Retention Law, Defendant, AMERICAN SALES AND MANAGEMENT ORGANIZATION was required to keep BAGGAGE AIRLINE

3

GUEST SERVICES, INC.'s workers who were previously employed after the switch in contracts to prevent large layoffs at the airport.

19. Defendant violated the County's Worker Retention Law and either failed to hire Plaintiffs as required by law or hired some Plaintiffs for training, which they attended without pay, and subsequently terminated them, thereby discontinuing future employment. Any reason for Defendant's failure to employ Plaintiff is merely pretext for unlawful discrimination based on Plaintiffs' race, color and national origin.

20. Plaintiffs have retained the undersigned counsel in order that his rights and interests may be protected and thus has become obligated to pay the undersigned a reasonable attorney's fee.

### COUNT I.
### DISCRIMINATION BASED ON RACE AND COLOR IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

21. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1-20 of this complaint as if set out in full herein.

22. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act of 1992 Florida Statues Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individuals race, color, or national origin.

23. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon race-based considerations or reasons pertaining to their race or color.

4

24. The Plaintiffs are Black and of Haitian national origin who possessed the requisite qualifications and skills to perform their positions with Defendant.

25. The Plaintiffs were subjected to disparate treatment in the work place, in that similarly situated, non-Black, non-Haitian employees were hired in the Delta contract turnover to Defendant.

26. As a direct and proximate result of the Defendant unlawful acts, Plaintiffs have suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

27. Moreover, as a further result of the Defendants unlawful race and color based discriminatory conduct, the Plaintiffs have been compelled to file this action and he has incurred the costs of litigation.

28. Plaintiffs were qualified for their positions with Defendant.

29. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiffs because of their race and color in the terms, conditions, and privileges of employment.

30. The Defendant's actions were malicious and were reckless indifferent to the Plaintiffs' rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of race and national origin.

31. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiffs respectfully request that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

5

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court order the following:

    A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

    B. Award Plaintiffs compensatory damages for emotional distress, embarrassment and humiliation;

    C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race;

    D. Order Defendant to make Plaintiffs whole by compensating them for lost wages, benefits, including front pay, back pay with prejudgment interest;

    E. For a money judgment representing prejudgment interest;

    F. Award any other compensation allowed by law including compensatory damages, punitive damages and attorney's fees and costs for bringing this action;

    G. Grant such other and further relief as the Court deems just and proper.

**COUNT II.**
**DISCRIMINATION BASED ON NATIONAL ORIGIN IN VIOLATION OF THE**
**FLORIDA CIVIL RIGHTS ACT**

32. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-20 of this complaint as if set out in full herein.

33. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act (FCRA) of 1992 Florida Statues Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individuals race, color, or national origin.

6

34. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon considerations pertaining to one's national origin.

35. The Plaintiffs are Black and of Haitian national origin who possessed the requisite qualifications and skills to perform their positions with Defendant.

36. The Plaintiffs were subjected to disparate treatment in the work place, in that similarly situated, non-Black, non-Haitian employees were hired in the Delta contract turnover to Defendant.

37. As a direct and proximate result of the Defendant's unlawful acts, Plaintiffs have suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

38. Moreover, as a further result of the Defendant's unlawful national origin based discriminatory conduct, the Plaintiff has been compelled to file this action and he has incurred the costs of litigation.

39. Plaintiffs were qualified for his position with Defendant.

40. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiffs because of their national origin in the terms, conditions, and privileges of employment.

41. The Defendant's actions were malicious and were reckless indifferent to the Plaintiffs' rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of race and national origin.

42. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

7

**WHEREFORE**, the Plaintiffs respectfully request that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court order the following:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award Plaintiffs compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D. Order Defendant to make Plaintiffs whole, by compensating Plaintiffs for lost wages, benefits, including front pay, back pay with prejudgment interest;

E. For a money judgment representing prejudgment interest;

F. Award any other compensation allowed by law including compensatory damages punitive damages and attorney's fees and costs;

G. Grant such other and further relief as the Court deems just and proper.

## COUNT III.
## VIOLATION OF TITLE VII OF CIVIL RIGHT ACT OF 1964: DISCRIMINATION BASED ON NATIONAL ORIGIN

43. Plaintiff pursuant to Title VII, 42 U.S.C. Section 2000 (e), sues Defendant, and re-alleges as set forth herein paragraphs 1-20 of this initial complaint.

44. At all times material hereto, the Employer/Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

45. The discrimination of Plaintiffs by Defendant was caused by Defendant being aware of Plaintiffs' Haitian national origin.

46. Defendant's decision to discriminate against Plaintiffs was because of Plaintiffs' Haitian national origin.

47. At all relevant times aforementioned, including the time of discrimination, Defendant was aware that Plaintiffs were Haitian.

48. The Plaintiffs were qualified for the position apart from his apparent national origin.

49. The Plaintiffs were discriminated against by their supervisors because they are Haitian.

50. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

51. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

52. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiffs' federally protected rights, discriminated against Plaintiffs on account of his national origin in violation of Act with respect to its decision to treat Plaintiffs differently from other employees.

53. Defendant failed to hire Plaintiffs for employment due to the Defendant's unjustified discrimination against Plaintiffs because they are Haitian, in violation of the Act.

54. As a direct and proximate result of the Defendant's intentional conduct, Plaintiffs suffered serious economic losses as well as mental pain and suffering.

55. Any alleged nondiscriminatory reason for the failure to hire Plaintiffs asserted by Defendant is a mere pretext for the actual reason for the termination from employment, Plaintiffs' national origin.

56. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiffs' rights protecting a person from discrimination due to their national origin. The discrimination on the basis of national origin constitutes unlawful discrimination.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court order the following:

A. Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of national origin.

B. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other

10

remuneration for mental pain, anguish, pain and humiliation from employment termination due to his national origin.

C. For a money judgment representing prejudgment interest.

D. Award any other compensation allowed by law including punitive damages, attorney's fees and costs.

## COUNT IV.
## VIOLATION OF TITLE VII OF CIVIL RIGHT ACT OF 1964: DISCRIMINATION BASED ON RACE OR COLOR

57. Plaintiff pursuant to Title VII, 42 U.S.C. Section 2000 (e), sues Defendant, and re-alleges as set forth herein paragraphs 1-20 of this initial complaint and states:

58. At all times material hereto, the Employer/Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

59. The discrimination of Plaintiffs by Defendant was caused by Defendant being aware of Plaintiffs' race.

60. Defendant's decision to discriminate against Plaintiff was because of Plaintiffs' race, Black.

11

61. At all relevant times aforementioned, including the time of discrimination, Defendant was aware that Plaintiffs are Black.

62. The Plaintiffs were qualified for their positions apart from their apparent race.

63. The Plaintiffs were not hired by Defendant because they are Black.

64. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

65. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

66. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiffs' federally protected rights, discriminated against Plaintiffs on account of their race in violation of Act with respect to its decision to treat Plaintiffs differently from other employees.

67. Plaintiffs were not hired by Defendant and these actions were directly and proximately caused by the Defendant's unjustified discrimination against Plaintiffs because of the fact that they are Black, in violation of the Act.

68. As a direct and proximate result of the Defendant's intentional conduct, Plaintiffs suffered serious economic losses as well as mental pain and suffering.

69. Any alleged nondiscriminatory reason for Defendant's failure to hire Plaintiffs asserted by Defendant is a mere pretext for the actual reason for this failure to hrie, Plaintiff's race.

70. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiffs' rights protecting a person from discrimination due to their race. The discrimination on the basis of race constitutes unlawful discrimination.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court order the following:

A. Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race.

B. Order Defendant to make Plaintiffs whole, by compensating Plaintiffs for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment termination due to his national origin.

C. For a money judgment representing prejudgment interest.

D. Award any other compensation allowed by law including punitive damages, attorney's fees and costs.

## JURY TRIAL DEMAND

Plaintiffs demands a trial by jury on all issues triable as of right by a jury.

Dated: June 28, 2021                                    Respectfully submitted,

/s/ **Peter M. Hoogerwoerd**
PETER MICHAEL HOOGERWOED, ESQ.
Florida Bar No. 188239
pmh@rgpattorneys.com
**Remer & Georges-Pierre, PLLC**
*Attorneys for Plaintiff*
Courthouse Tower
44 West Flagler Street Suite 2200
Miami, Florida 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

Filing # 130200957 E-Filed 07/07/2021 03:37:48 PM

| ☒ IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA | | |
|---|---|---|
| ☐ IN THE COUNTY COURT IN AND FOR BROWARD COUNTY, FLORIDA. | | |

| DIVISION | WAIVER OF SERVICE OF PROCESS | CASE NUMBER |
|---|---|---|
| ☒ CIVIL | (c) Forms for Services by Mail. | CACE-21-012926 |
| ☐ DISTRICTS | (2) Waiver of Service of Process. | |
| ☐ OTHER | | |

| PLAINTIFF(S) | VS. DEFENDANT(S) | CLOCK IN |
|---|---|---|
| ASSADE VEDRINE, MIRLENE THERMIDOR, WILFRED SAINT LOUIS, ROD VASSOR, NADEIGE MOISE, EVENS HILLAIRE, JEAN EMMANUEL PIERRE LOUIS, SENEQUE LUBIN, and ERILES MAXEAN | AMERICAN SALES AND MANAGEMENT ORGANIZATION, LLC doing business as EULEN AMERICA | |

TO: Peter Michael Hoogerwoerd, Esq. as attorney for Plaintiffs

I acknowledge receipt of your request that I waive service of process in the lawsuit of _____Assade Verdrine et al._____ v. American Sales and Mgmt. Org. LLC in the ☒ Circuit ☐ County Court in ___Broward County___ . I have also received a copy of the complaint, two copies of this waiver, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service process and an additional copy of the complaint in this lawsuit by not requiring that I, (or the entity on whose behalf I am acting), be served with judicial process in the manner provided by Fla. R. Civ. P.1.070.

If I am not the defendant to whom the notice of lawsuit and waiver of service of process was sent, and my authority to accept service on behalf of such person or entity is as follows: I declare that my relationship to the entity or person to whom the notice was sent and my authority to accept service on behalf of such person or entity is as follows:

(describe relationship to person or entity and authority to accept service) ___Susan Norton, Esq. as attorney for Defendant,___ American Sales and Management Organization, LLC _____.

   I, (or the entity on whose behalf I am acting), will retain all defense or objections to the lawsuit or to the jurisdiction or venue of the court except for any objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me, (or the party on whose behalf I am acting), if a written response is not served upon you within 60 days from the date I received the notice of lawsuit and request for waiver of service of process.

DATED ON _July 7, 2021_

_____
Defendant or Defendant's Representative

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator in the Office of the Court Administrator; Cheryl Anderson, Broward County Courthouse, 201 SE 6th Street, Room 880, Fort Lauderdale, FL  33301; (954) 831-7721; within 2 working days of receipt of this (describe notice); if you are hearing or voice impaired, call 711."

Filing # 130259158 E-Filed 07/08/2021 11:59:29 AM

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY,
FLORIDA

CASE NO. CACE-21-012926

ASSADE VEDRINE,
MIRLENE THERMIDOR,
WILFRED SAINT LOUIS,
ROD VASSOR,
NADEIGE MOISE,
EVENS HILLAIRE,
DAVID JEAN,
JEAN EMMANUEL PIERRE LOUIS,
SENEQUE LUBIN, and ERILES MAXEAN,

      Plaintiffs,

vs.

AMERICAN SALES AND
MANAGEMENT ORGANIZATION, LLC
doing business as EULEN AMERICA.

      Defendant.
_____/

## AMENDED CLASS ACTION COMPLAINT

Plaintiffs, ASSADE VEDRINE, MIRLENE THERMIDOR, WILFRED SAINT LOUIS,

ROD VASSOR, NADEIGE MOISE, EVENS HILLAIRE, DAVID JEAN, JEAN EMMANUEL

PIERRE LOUIS, SENEQUE LUBIN and ERILES MAXEAN (hereinafter "Plaintiffs"), by and

through the undersigned counsel, hereby sues Defendant, AMERICAN SALES AND

MANAGEMENT ORGANIZATION, LLC doing business as EULEN AMERICA (hereinafter

"Defendant"), and in support avers as follows:

1

## GENERAL ALLEGATIONS

1. This is a class action by the Plaintiffs for damages, declaratory and injunctive relief and damages under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, the Florida Civil Rights Act of 1992 (FCRA), and Florida Statute Section 760 to redress injury done to Plaintiffs by the Defendant for discriminatory treatment on the basis of race, color, and national origin.

2. Jurisdiction of this Court is invoked as each of the Plaintiffs alleges damages in excess of $30,000, together with attorneys' fees, costs and damages.

3. Defendant was a "person" and/or an "employer" pursuant to Title VII, Florida Civil Rights Act of 1992, *Fla. Stat. Section 760.01, et seq.,* since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

4. Defendant is a "person" within the purview of the Florida Civil Rights Act of 1992, Fla. *Stat. Section 760.01, et seq.*

5. At all times material hereto Defendant was an "employer" within the meaning of Florida Civil Rights Act of 1992, Fla *Stat. Section 760.01, et seq..*

6. At all times material hereto, Plaintiffs were an "employees" within the meaning of Title VII, Florida Civil Rights Act of 1992, Fla *Stat. Section 760 , et seq..*

7. Venue is proper in Broward County because all of the actions complained of herein occurred within the jurisdiction of this Court.

8. Jurisdiction is proper in this Court because each of the Plaintiffs is alleging more than $30,000 in damages.

9. Plaintiffs are Black individuals of Haitian national origin and is a member of a class of persons protected from discrimination in their employment under Title VII, and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760.

10. Plaintiffs previously filed a timely charges of employment discrimination with the Equal Employment Opportunity Commission, the agency which is responsible for investigating claims of employment discrimination.

11. The EEOC issued a "Notice of Right to Sue" notice to Plaintiffs.

12. More than 180 days have elapsed since the filing of Plaintiffs' Charges of Discrimination

13. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

14. Plaintiffs are similarly situated Black individuals of Haitian descent who were either not hired by Defendant or terminated after a very short period of employment with Defendant in violation of the Broward County Worker Retention Law.

15. Plaintiffs were previously employed by SP PLUS CORPORATION and BAGGAGE AIRLINE GUEST SERVICES, INC. providing ground handling and passenger support services for these entities who had contracts with American Airlines and Delta Airlines at the Fort Lauderdale International Airport.

16. BAGGAGE AIRLINE GUEST SERVICES, INC. lost its contract with Delta Airlines which caused Plaintiffs in this action to be displaced from their work.

17. AMERICAN SALES AND MANAGEMENT ORGANIZATION , LLC was awarded the Delta Airlines contract for Delta Airlines' ground handling and passenger support services at the Fort Lauderdale International Airport.

3

18. Pursuant to Broward County's Worker Retention Law, Defendant, AMERICAN SALES AND MANAGEMENT ORGANIZATION was required to keep BAGGAGE AIRLINE GUEST SERVICES, INC.'s workers who were previously employed after the switch in contracts to prevent large layoffs at the airport.

19. Defendant violated the County's Worker Retention Law and either failed to hire Plaintiffs as required by law or hired some Plaintiffs for training, which they attended without pay, and subsequently terminated them, thereby discontinuing future employment. Any reason for Defendant's failure to employ Plaintiff is merely pretext for unlawful discrimination based on Plaintiffs' race, color and national origin.

20. Plaintiffs have retained the undersigned counsel in order that his rights and interests may be protected and thus has become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I.
## DISCRIMINATION BASED ON RACE AND COLOR IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

21. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1-20 of this complaint as if set out in full herein.

22. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act of 1992 Florida Statues Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individuals race, color, or national origin.

23. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's

4

employment, based upon race-based considerations or reasons pertaining to their race or color.

24. The Plaintiffs are Black and of Haitian national origin who possessed the requisite qualifications and skills to perform their positions with Defendant.

25. The Plaintiffs were subjected to disparate treatment in the work place, in that similarly situated, non-Black, non-Haitian employees were hired in the Delta contract turnover to Defendant.

26. As a direct and proximate result of the Defendant unlawful acts, Plaintiffs have suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

27. Moreover, as a further result of the Defendants unlawful race and color based discriminatory conduct, the Plaintiffs have been compelled to file this action and he has incurred the costs of litigation.

28. Plaintiffs were qualified for their positions with Defendant.

29. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiffs because of their race and color in the terms, conditions, and privileges of employment.

30. The Defendant's actions were malicious and were reckless indifferent to the Plaintiffs' rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of race and national origin.

31. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiffs respectfully request that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court order the following:

   A.  Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

   B.  Award Plaintiffs compensatory damages for emotional distress, embarrassment and humiliation;

   C.  Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race;

   D.  Order Defendant to make Plaintiffs whole by compensating them for lost wages, benefits, including front pay, back pay with prejudgment interest;

   E.  For a money judgment representing prejudgment interest;

   F.  Award any other compensation allowed by law including compensatory damages, punitive damages and attorney's fees and costs for bringing this action;

   G.  Grant such other and further relief as the Court deems just and proper.

## COUNT II.
## DISCRIMINATION BASED ON NATIONAL ORIGIN IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

32. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-20 of this complaint as if set out in full herein.

33. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act (FCRA) of 1992 Florida Statues Section 760.10 which in its relevant section states it is an

unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individuals race, color, or national origin.

34. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon considerations pertaining to one's national origin.

35. The Plaintiffs are Black and of Haitian national origin who possessed the requisite qualifications and skills to perform their positions with Defendant.

36. The Plaintiffs were subjected to disparate treatment in the work place, in that similarly situated, non-Black, non-Haitian employees were hired in the Delta contract turnover to Defendant.

37. As a direct and proximate result of the Defendant's unlawful acts, Plaintiffs have suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

38. Moreover, as a further result of the Defendant's unlawful national origin based discriminatory conduct, the Plaintiff has been compelled to file this action and he has incurred the costs of litigation.

39. Plaintiffs were qualified for his position with Defendant.

40. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiffs because of their national origin in the terms, conditions, and privileges of employment.

41. The Defendant's actions were malicious and were reckless indifferent to the Plaintiffs' rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of race and national origin.

42. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiffs respectfully request that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court order the following:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award Plaintiffs compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D. Order Defendant to make Plaintiffs whole, by compensating Plaintiffs for lost wages, benefits, including front pay, back pay with prejudgment interest;

E. For a money judgment representing prejudgment interest;

F. Award any other compensation allowed by law including compensatory damages punitive damages and attorney's fees and costs;

G. Grant such other and further relief as the Court deems just and proper.

8

**COUNT III.**
**VIOLATION OF TITLE VII OF CIVIL RIGHT ACT OF 1964: DISCRIMINATION**
**BASED ON NATIONAL ORIGIN**

43. Plaintiff pursuant to Title VII, 42 U.S.C. Section 2000 (e), sues Defendant, and re-alleges as set forth herein paragraphs 1-20 of this initial complaint.

44. At all times material hereto, the Employer/Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

45. The discrimination of Plaintiffs by Defendant was caused by Defendant being aware of Plaintiffs' Haitian national origin.

46. Defendant's decision to discriminate against Plaintiffs was because of Plaintiffs' Haitian national origin.

47. At all relevant times aforementioned, including the time of discrimination, Defendant was aware that Plaintiffs were Haitian.

48. The Plaintiffs were qualified for the position apart from his apparent national origin.

49. The Plaintiffs were discriminated against by their supervisors because they are Haitian.

50. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

9

51. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

52. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiffs' federally protected rights, discriminated against Plaintiffs on account of his national origin in violation of Act with respect to its decision to treat Plaintiffs differently from other employees.

53. Defendant failed to hire Plaintiffs for employment due to the Defendant's unjustified discrimination against Plaintiffs because they are Haitian, in violation of the Act.

54. As a direct and proximate result of the Defendant's intentional conduct, Plaintiffs suffered serious economic losses as well as mental pain and suffering.

55. Any alleged nondiscriminatory reason for the failure to hire Plaintiffs asserted by Defendant is a mere pretext for the actual reason for the termination from employment, Plaintiffs' national origin.

56. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiffs' rights protecting a person from discrimination due to their national origin. The discrimination on the basis of national origin constitutes unlawful discrimination.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court order the following:

A. Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of national origin.

B. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other

remuneration for mental pain, anguish, pain and humiliation from employment termination due to his national origin.

C. For a money judgment representing prejudgment interest.

D. Award any other compensation allowed by law including punitive damages, attorney's fees and costs.

## COUNT IV.
## VIOLATION OF TITLE VII OF CIVIL RIGHT ACT OF 1964: DISCRIMINATION BASED ON RACE OR COLOR

57. Plaintiff pursuant to Title VII, 42 U.S.C. Section 2000 (e), sues Defendant, and re-alleges as set forth herein paragraphs 1-20 of this initial complaint and states:

58. At all times material hereto, the Employer/Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

59. The discrimination of Plaintiffs by Defendant was caused by Defendant being aware of Plaintiffs' race.

60. Defendant's decision to discriminate against Plaintiff was because of Plaintiffs' race, Black.

11

61. At all relevant times aforementioned, including the time of discrimination, Defendant was aware that Plaintiffs are Black.

62. The Plaintiffs were qualified for their positions apart from their apparent race.

63. The Plaintiffs were not hired by Defendant because they are Black.

64. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

65. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

66. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiffs' federally protected rights, discriminated against Plaintiffs on account of their race in violation of Act with respect to its decision to treat Plaintiffs differently from other employees.

67. Plaintiffs were not hired by Defendant and these actions were directly and proximately caused by the Defendant's unjustified discrimination against Plaintiffs because of the fact that they are Black, in violation of the Act.

68. As a direct and proximate result of the Defendant's intentional conduct, Plaintiffs suffered serious economic losses as well as mental pain and suffering.

69. Any alleged nondiscriminatory reason for Defendant's failure to hire Plaintiffs asserted by Defendant is a mere pretext for the actual reason for this failure to hrie, Plaintiff's race.

70. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiffs' rights protecting a person from discrimination due to their race. The discrimination on the basis of race constitutes unlawful discrimination.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court order the following:

A. Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race.

B. Order Defendant to make Plaintiffs whole, by compensating Plaintiffs for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment termination due to his national origin.

C. For a money judgment representing prejudgment interest.

D. Award any other compensation allowed by law including punitive damages, attorney's fees and costs.

**JURY TRIAL DEMAND**

Plaintiffs demands a trial by jury on all issues triable as of right by a jury.

Dated: July 8, 2021                              Respectfully submitted,

<u>**/s/ Peter M. Hoogerwoerd**</u>
PETER MICHAEL HOOGERWOED, ESQ.
Florida Bar No. 188239
pmh@rgpattorneys.com
**Remer & Georges-Pierre, PLLC**
*Attorneys for Plaintiff*
Courthouse Tower
44 West Flagler Street Suite 2200
Miami, Florida 33130
Telephone: (305) 416-5000
Facsimile:  (305) 416-5005

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of July 2021, I electronically filed the foregoing document with the Clerk of the Court using Florida Courts E-Filing Portal. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by Florida Courts e-Filing Portal or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Peter Michael Hoogerwoerd, Esq.
PETER MICHAEL HOOGERWOERD, ESQ.
Florida Bar No.: 188239
pmh@rgpattorneys.com
Remer & Georges-Pierre, PLLC
44 West Flagler Street, Suite 2200
Miami, FL 33130
(305) 416-5000- Telephone
(305) 416-5005- Facsimile

14

## SERVICE LIST

Peter Michael Hoogerwoerd, Esq.
Florida Bar No. 188239
Email: pmh@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

*Counsel for Plaintiff*

Susan Potter Norton, Esq.
Florida Bar No. 0201847
Snorton@anblaw.com
**ALLEN, NORTON, & BLUE, P.A.**
121 Majorca Avenue, Suite 300
Coral Gables, FL 33134
Tel: (305) 445-7801
Fax: (305)442-1578

*Counsel for Defendant*

Method of Service: E-filing Notice

15